# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SUNNY MEADOWS DAIRY ) <br> & FOODS, INC., ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PEERLESS INSURANCE COMPANY, ) <br> ) <br>     Defendant. ) | Case Number CIV-05-227-C |

## MEMORANDUM OPINION AND ORDER

Now before the Court is an Application for Attorney Fees filed by Defendant Peerless Insurance Company (Peerless). Plaintiff Sunny Meadows Dairy and Foods, Inc. (Sunny Meadows) filed a response to which Peerless filed a reply. The Court considered the submissions of the litigants and now **GRANTS AS MODIFIED** Peereless' Application for Attorney Fees.

### DISCUSSION [1]

The litigants' current dispute centers upon Peerless' request for attorney fees under 36 Okla. Stat. § 3629(B). Peerless argues that it denied Sunny Meadows' claim within ninety days of receiving Sunny Meadows' proof of loss and that as the prevailing party it is entitled to its attorney fees totaling $9,652.00. In response, Sunny Meadows argues that § 3629(B) requires a written offer of settlement or rejection within ninety days of receiving Sunny

---

[1] The underlying facts of this action are laid out in the Court's Order dated July 26, 2005. (Dkt. No. 36.)

Meadows' claim and that Peerless failed to timely deny the claim; therefore, the Court should deny Peerless' request. Sunny Meadows' argument is unavailing.

**I.      Oklahoma's Fee-shifting Statute—36 Okla. Stat. § 3629.**

In a diversity action, attorney fees are considered substantive law; therefore, Oklahoma law governs Peerless' request for attorney fees. Oulds v. Principal Mut. Life. Ins. Co., 6 F.3d 1431, 1445 (10th Cir. 1993). Normally, attorney fees are not recoverable under the "American Rule of Law," Key Tronic Corp. v. United States, 511 U.S. 809, 814-15 (1994), unless provided for by contract or applicable state statute, see Scott's Liquid Gold, Inc. v. Lexington Ins. Co., 293 F.3d 1180, 1183 (10th Cir. 2002). Here, Peerless relies upon 36 Okla. Stat. § 3629; accordingly, the Court turns to the language of the statute in question:

> A.  An insurer shall furnish, upon written request of any insured claiming to have a loss under an insurance contract issued by such insurer, forms of proof of loss for completion by such person, but such insurer shall not, by reason of the requirement so to furnish forms, have any responsibility for or with reference to the completion of such proof or the manner of any such completion or attempted completion.
>
> B.  It shall be the duty of the insurer, receiving a proof of loss, to submit a written offer of settlement or rejection of the claim to the insured within ninety (90) days of receipt of that proof of loss. Upon a judgment rendered to either party, costs and attorney fees shall be allowable to the prevailing party. For purposes of this section, the prevailing party is the insurer in those cases where judgment does not exceed [the] written offer of settlement.

36 Okla. Stat. § 3629. Sunny Meadows argues that Peerless acknowledged receipt of its claim on July 29, 2004, and denied the claim on November 22, 2004, well after the ninety-day period had expired. Sunny Meadows misreads the language of § 3629. The language of the statute clearly distinguishes between a claim and a proof of loss. Indeed, the litigants

themselves distinguish between a claim and a proof of loss in their Commercial Property Insurance Policy. (See Pl.'s Notice, Dkt. No. 34, Ex. 1 at 10, § E(3)(a)(1-8).) Under the statute, the only event which triggers the ninety-day time clock is the receipt of the proof of loss, not the receipt of a claim. § 3629(B). Here, Peerless requested a proof of loss on September 9, 2004 (Def.'s Response to Pl.'s Mot. for Summ. J., Dkt. No. 17, Ex. 7 at 2), received it from Sunny Meadows on November 13, 2004 (id., Ex. 9 at 1), and rejected the claim on November 22, 2004 (id.) – well within the time period mandated by the statute. As the Court granted Peerless' motion for summary judgment (Order, Dkt. No. 36), Peerless is the prevailing party and an award of attorney fees is proper. Shinault v. Mid-Century Ins. Co., 1982 OK 136, ¶ 4, 654 P.2d 618, 619.

## II.   Determination of the Award of Attorney Fees.

In its response, Sunny Meadows does not object to the amount of fees requested by Peerless. Nevertheless, the Court must determine that the fees sought are reasonable – a task that is within the Court's sound discretion. Tibbetts v. Sight 'N Sound Appliance Centers, Inc., 2003 OK 72, ¶ 3, 77 P.3d 1042, 1046. In Burk v. City of Oklahoma City, 1979 OK 115, ¶¶ 8-13, 598 P.2d 659, 661, the Oklahoma Supreme Court adopted the lodestar method whereby the Court multiplies the hours expended by the hourly rate. The Court next considers whether the lodestar amount should be either increased or decreased based upon twelve factors enunciated in Burk.[2] When determining the reasonableness of the fee request,

---

[2] Under Burk, the Court should consider the following factors:

(continued...)

the Court considers (1) the services performed by the attorneys; (2) which services were necessary; (3) the value of the necessary services; and (4) what a reasonable fee for the services would be.  <u>Darrow v. Spencer</u>, 1978 OK 107, ¶ 13, 581 P.2d 1309, 1314.

Peerless' fee summary reveals that attorneys Michael J. Masterson and David R. Smith provided legal services to Peerless at the rate of $140.00 and $125.00 per hour respectively.  The fee summary also reveals the time expended and details of the work performed by each attorney. (<u>See</u> Def.'s Mot., Dkt. No. 41, Ex. 1.)  The hourly rates charged are reasonable for the same or similar legal services provided in Oklahoma City, Oklahoma. However, legal services pertaining to Peerless' third-party suit against Chubb Custom Insurance Company, a non-indispensable party ($771.00), are not appropriately borne by Sunny Meadows and will be deducted from the sum requested.  As for the twelve <u>Burk</u> factors, Peerless does not request an enhanced fee.  Moreover, upon the Court's review of

---

[2] (...continued)
(1) Time and labor required.
(2) The novelty and difficulty of the questions.
(3) The skill requisite to perform the legal service properly.
(4) The preclusion of other employment by the attorney due to acceptance of the case.
(5) The customary fee.
(6) Whether the fee is fixed or contingent.
(7) Time limitations imposed by the client or the circumstances.
(8) The amount involved and the results obtained.
(9) The experience, reputation, and ability of the attorneys.
(10) The "undesirability" of the case.
(11) The nature and length of the professional relationship with the client.
(12) Awards in similar cases.
<u>Burk</u>, 1979 OK 115, ¶ 8, 598 P.2d at 661 (citation omitted).

the fee summary, none of the Burk factors militate for a reduction in the remaining fee amount. Accordingly, the Court awards Peerless attorney fees in the amount of $8,881.00.

Generally, an evidentiary hearing is required when deciding a fee award. However, Peerless' submitted time records are thorough and have allowed the Court a full view of the basis for the fee request. The Court has considered each time entry as it stands alone and in connection with the other entries. In addition, neither party has requested a hearing; therefore, the Court finds a hearing is unnecessary as Peerless' fee summary and attorney Michael J. Masterson's affidavit are an adequate basis from which to derive a final fee award. See Gamble, Simmons & Co. v. Kerr-McGee Corp., 175 F.3d 762, 774 (10th Cir. 1999) (citing cases).

## CONCLUSION

Upon review of the record, the Court finds that Peerless has met the requirements of Oklahoma's fee-shifting statute, 36 Okla. Stat. § 3629. Therefore, Peerless' Application for Attorney Fees [Dkt. No. 41] is **GRANTED AS MODIFIED** herein. Peerless is awarded attorney fees in the amount of $8,881.00. A judgment will issue accordingly.

IT IS SO ORDERED this 21st day of October, 2005.

ROBIN J. CAUTHRON
United States District Judge